

2009 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

1-23-2009

# Brownawell v. Comm Social Security

Precedential or Non-Precedential: Precedential

Docket No. 07-4405

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2009

## Recommended Citation

"Brownawell v. Comm Social Security" (2009). *2009 Decisions*. Paper 1954.
http://digitalcommons.law.villanova.edu/thirdcircuit_2009/1954

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova University School of Law Digital Repository. It has been accepted for inclusion in 2009 Decisions by an authorized administrator of Villanova University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

**PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

———

No. 07-4405

———

KATHY J. BROWNAWELL,

Appellant

v.

COMMISSIONER OF SOCIAL SECURITY

———

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. No. 05-cv-02076)
District Judge: Honorable Yvette Kane

———

Submitted Pursuant to Third Circuit LAR 34.1(a)
December 2, 2008

Before: AMBRO, WEIS, and VAN ANTWERPEN, Circuit
Judges.

(Filed December 09, 2008)

Robert E. Rains, Esq.
Megan Riesmeyer, Esq.
Anne MacDonald-Fox, Esq.
The Disability Law Clinic
45 North Pitt Street
Carlisle, PA 17103

*Counsel for Appellant*

Heather Benderson, Esq.
Office of the General Counsel
Social Security Administration
P.O. Box 41777
Philadelphia, PA 19101

Dennis C. Pfannenschmidt, Esq.
Office of United States Attorney
228 Walnut Street
P.O. Box 11754
220 Federal Building and Courthouse
Harrisburg, PA 17108

*Counsel for Appellee*

————

OPINION OF THE COURT

————

VAN ANTWERPEN, *Circuit Judge*.

2

Kathy Brownawell appeals the District Court's September 28, 2007 order affirming the Commissioner of Social Security's denial of her claim for Supplemental Security Income ("SSI") under Title XVI of the Social Security Act. Because the decision to deny benefits was improperly based on a number of erroneous facts and discredits the opinions of two examining doctors based on the opinion of a non-examining psychologist, and because substantial evidence on a fully developed record indicates that Brownawell is disabled, this Court reverses the decision of the District Court and remands with the direction to enter an order directing the payment of benefits.

I.

Brownawell filed an application for SSI on September 25, 2000, stating that she was unable to work due to severe migraine headaches and anxiety. Her claim was denied at the initial level of administrative review and, at Brownawell's request, a hearing was held by Administrative Law Judge Edward Morriss ("ALJ"), at which Brownawell was represented by counsel. At the hearing, Brownawell testified that she suffers from migraine headaches that, combined with depression and anxiety, leave her debilitated for an average of ten to fifteen days per month. The ALJ also heard testimony from a vocational expert and considered treatment notes from Dr. Phillip Grem, Brownawell's longtime treating physician, and evaluations from Dr. Picciotto, an examining state agency psychiatrist, and Dr. Jonathan Rightmyer, a non-examining state agency psychologist. The ALJ issued a decision denying the claim on November 28, 2001. After the Social Security

3

Administration's ("SSA") Appeals Council denied Brownawell's request for review, she filed a complaint pursuant to 42 U.S.C. § 405(g) in the Middle District of Pennsylvania.[1]

Brownawell's case was referred to Magistrate Judge Thomas Blewitt, who concluded that the ALJ's decision was not supported by substantial evidence and recommended remand to the ALJ for further proceedings. Specifically, Magistrate Judge Blewitt found that "the ALJ erred in finding that [Brownawell's] treatment history was limited, as this finding is contradicted by frequent visits to her family doctor and multiple visits to the emergency room." *Brownawell v. Barnhart*, Civ. No. 3:CV-02-1168, slip op. at 12 (M.D. Pa. August 22, 2003). On October 21, 2003, the District Court issued an order adopting Magistrate Judge Blewitt's report and recommendation and remanding Brownawell's case to the SSA "for reconsideration of the evidence, giving proper weight to the testimony of Kathy Brownawell, the treating physician, [Dr. Grem,] the consultative psychiatrist, [Dr. Picciotto,] the non-examining psychologist, [Dr. Rightmyer,] and the vocational expert." *Brownawell v. Barnhart*, Civ. No. 3:CV-02-1168 (M.D. Pa. August 22, 2003) (order remanding case to SSA).

On July 20, 2004, after a second hearing, ALJ Morriss again found that Brownawell was not entitled to SSI; that decision is the subject of the current appeal. After the Appeals Council denied review, Brownawell filed a second § 405(g) complaint in the Middle District of Pennsylvania. The District Court referred the case to Magistrate Judge Malachy

---

[1]Once the Appeals Council denies a request for review, the ALJ's decision becomes the final decision of the Commissioner and can be appealed to a district court. *Matthews v. Apfel*, 239 F.3d 589, 592 (3d Cir. 2001).

Mannion, who recommended denial of Brownawell's appeal. On September 28, 2007, the District Court issued an order adopting Magistrate Judge Mannion's report and recommendation. Brownawell filed a notice of appeal on November 19, 2007, and this appeal followed.

## II.

The District Court had jurisdiction to review the final decision of the Commissioner under 42 U.S.C. § 405(g). We have appellate jurisdiction pursuant to 28 U.S.C. § 1291. The role of this Court, like that of the District Court, is to determine whether the Commissioner's decision is supported by substantial evidence. *See* 42 U.S.C. § 405(g) ("The findings of the [Commissioner] as to any fact, if supported by substantial evidence, shall be conclusive . . . ."); *see also Johnson v. Comm'r of Social Sec.*, 529 F.3d 198, 200 (3d Cir. 2008). Substantial evidence has been defined as "more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Reefer v. Barnhart*, 326 F.3d 376, 379 (3d Cir. 2003) (citations and internal quotation marks omitted); *see also Johnson*, 529 F.3d at 200.

## III.

The ALJ's disability determination is not supported by substantial evidence, because he relied on facts that were clearly erroneous in making a decision that failed to give appropriate weight to the opinion of Brownawell's treating physician, Dr. Phillip Grem, and her consulting psychiatrist, Dr. Picciotto, and instead improperly favored the opinion of the non-examining psychologist, Dr. Jonathan Rightmyer.

An ALJ should give "treating physicians' reports great weight, 'especially when their opinions reflect expert

5

judgment based on a continuing observation of the patient's condition over a prolonged period of time.'" *Morales v. Apfel*, 225 F.3d 310, 317 (3d Cir. 2000) (quoting *Plummer v. Apfel*, 186 F.3d 422, 429 (3d Cir. 1999)). While contradictory medical evidence is required for an ALJ to reject a treating physician's opinion outright, such an opinion may be afforded "more or less weight depending upon the extent to which supporting explanations are provided." *Plummer*, 186 F.3d at 429.

It is clear that Brownawell's treating physician considered her to be disabled. In an October 26, 2001 letter, Dr. Grem states that "the frequency and severity of [Brownawell's] migraines . . . prevent her from working in any type of fixed schedule. . . . [T]his illness dominates her life to the extent that I consider her to be disabled." *A.R.* at 229. This opinion was reiterated in Dr. Grem's May 5, 2003 treatment notes. *Id.* at 499 ("I did fill out one of [Brownawell's] disability forms . . . because of migraines, anxiety, and depression. This diagnosis was supported by a psychological evaluation independently and continues to exist at the current time."). The ALJ rejected Grem's assertions of disability because he considered them "inconsistent with and unsupported by Dr. Grem's longitudinal treatment notes and the record as a whole." *Id.* at 303. In support of this decision, the ALJ emphasizes the fact that Dr. Grem "consistently reported in his treatment and progress notes, before and after the date of the opinion, that the headaches were stable and under control as they respond very well to [medication]." *Id.* This Court has noted, however, that a doctor's observation that a patient is "'stable and well controlled with medication' during treatment does not [necessarily] support the medical conclusion that [the patient] can return to work." *Morales*, 225 F.3d at 319.

The ALJ asserts that "Dr. Grem specifically stated in

6

the treatment notes dated March 29, 2004 that the claimant's headaches alone are not enough for disability. . . . Grem [later refused to complete disability forms because the] headaches were not debilitating and the claimant needed to get a psychiatric opinion for her depression impairment which had been reported as stable." *A.R.* at 303. This reasoning is wholly unsupported by the record, which shows that Brownawell did not visit Dr. Grem after 2003. The treatment notes to which the ALJ refers were made while Brownawell was visiting another doctor and, with respect to the "headaches alone are not enough for disability" notation, appear to have been taken by a nurse, not a doctor.[2] *Id.* at 544.

In rejecting Dr. Grem's opinion, the ALJ also claims that Brownawell's "longitudinal treatment records document either mild symptoms when at their worst or no symptoms at all when on medication . . . [and] contain no indication . . . of inability to function." *A.R.* at 303. The evidence does not support this proposition. In addition to the previously discussed statements from Dr. Grem, including the letter stating that Brownawell is bedridden about four days a week, medical records reflect that Brownawell's migraines were of such a severity that she twice had to visit the emergency

---

[2]Throughout his decision, the ALJ mistakenly attributes statements to Dr. Grem and mischaracterizes Grem's treatment notes. For example, Dr. Grem never "reported that the claimant feels fine[,] is doing great and has no complaints of headaches." *A.R.* at 302. The ALJ also erroneously contends that Dr. Grem both refused to complete disability forms and indicated that her symptoms did not warrant treatment with a mental health specialist. *Compare A.R.* at 303 (ALJ's claim), *with A.R.* at 499 (Grem's assertion that Brownawell is disabled and that this determination was supported by a mental health specialist).

room—once on November 14, 2000 and again on May 13, 2001—to receive intravenous medication. *Id.* at 208-215 (records from first ER visit), 222-228 (records from second ER visit).

The ALJ's decision to discredit Dr. Picciotto, the consultative psychological examiner who evaluated Brownawell in December 2000, is similarly improper. Dr. Picciotto provided a medical source statement which indicated that Brownawell "had poor ability (no ability) [sic] to function in several areas." *A.R.* at 303. The ALJ discounted this finding because it "was inconsistent with and unsupported by the text of the evaluation and the clinical signs and findings in the remaining medical record." *Id.* In support of this contention, the ALJ notes that Dr. Picciotto "stated that [Brownawell] has no ability to maintain attention or concentration[, but] he reported in the text of the evaluation that [she] has good focus, good attention, and good concentration." These assessments are not necessarily contradictory, however, as one assessment was describing Brownawell's condition at the time of Dr. Picciotto's examination and the other reflected Dr. Picciotto's assessment of Brownawell's ability to function in a work setting. As discussed *supra*, this Court has admonished ALJs who have used such reasoning, noting the distinction between a doctor's notes for purposes of treatment and that doctor's ultimate opinion of the claimant's ability to work. *See Morales*, 225 F.3d at 319.

The ALJ ignored the opinions of Dr. Grem and Dr. Picciotto and instead chose to adopt the opinion of Dr. Rightmyer, a non-examining psychologist who found that Brownawell was not disabled. *See A.R.* at 301. In evaluating the ALJ's use of Dr. Rightmyer's opinion, it must be noted that the opinion itself is subject to some criticism. Like the ALJ, Dr. Rightmyer ignores the possibility that Dr. Picciotto

8

was not inconsistent in finding that Brownawell has a good ability to concentrate for the purpose of a medical examination but no ability to concentrate for the purposes of steady employment. Dr. Rightmyer also discounts Dr. Grem's assertions of disability based on Grem's own treatment notes but, as noted *supra*, a doctor's notation that a condition is "stable" during treatment does not necessarily support the conclusion that the patient is able to work. *See Morales*, 225 F.3d at 319. Given these errors and the fact that this Court has "consistently held that it is improper for an ALJ to credit the testimony of a consulting physician who has not examined the claimant when such testimony conflicts with testimony of the claimant's treating physician," the decision to discredit Dr. Grem and Dr. Picciotto, both of whom actually examined Brownawell, was improper. *Dorf v. Bowen*, 794 F.2d 896, 901 (3d Cir. 1986) (citations omitted).

Evaluation of the medical evidence as a whole leads to the conclusion that the ALJ's determination is not supported by substantial evidence. In light of this Court's decisions holding that a longtime treating physician's opinion carries greater weight than that of a non-examining consultant, the ALJ should not have discredited Dr. Grem's assessments of disability. *See Morales*, 225 F.3d at 317; *Dorf*, 794 F.2d at 901. The ALJ supports his rejection of Dr. Grem's opinion of disability in large part on evidence that does not exist, for example, the erroneous assertion that, on May 5, 2003, Dr. Grem stated that Brownawell's headaches are not enough for disability.[3] *A.R.* at 303. This mistake, and others like it,

_____

[3]As discussed *supra*, this notation was actually made by a nurse in another physician's office. *See A.R.* at 544. That physician ultimately concluded that it would not be appropriate to complete a disability form unless Brownawell received a

9

indicate that the ALJ's decision to discredit Dr. Grem was not supported by substantial evidence. Furthermore, the ALJ mischaracterizes the evidence that does exist, such as when he discredits Dr. Grem because of notations indicating that Brownawell's condition was "stable" and "controlled," a rationale that has been rejected by this Court. *See Morales*, 225 F.3d at 319.

The ALJ's rejection of Dr. Picciotto's opinion that Brownawell has no ability to deal with work stresses and maintain concentration in a work environment was improperly based on an alleged inconsistency between Picciotto's treatment notes and his ultimate evaluation. Dr. Rightmyer's assessment, which was the only one adopted unreservedly by the ALJ, should not have carried such great weight, especially when compared to the opinion of Dr. Grem, Brownawell's longtime treating physician. *See Morales*, 225 F.3d at 317; *Dorf*, 794 F.2d at 901. Furthermore, as discussed *supra*, Dr. Rightmyer's assessment appears to be unjustified based on the record, as he made errors in logic similar to those made by the ALJ.

IV.

When reversing the SSA's decision under 42 U.S.C. § 405(g), this Court "may choose to remand to the [agency] for a further hearing or simply direct the district court to award benefits." *Podedworny v. Harris*, 745 F.2d 210, 221 (3d Cir. 1984). "The decision to direct the district court to award benefits should be made only when the administrative record of the case has been fully developed and when substantial evidence on the record as a whole indicates that the claimant is disabled and entitled to benefits." *Id.* at 221-22. Such a

---

"psych" evaluation. *Id.*

10

decision is especially appropriate when the disability determination process has been delayed due to factors beyond the claimant's control. *Id*.; *see also Morales*, 225 F.3d at 320.

The determination that Brownawell was not disabled came down to the fifth and final step of the SSA's disability determination process, at which the agency must establish that a claimant is capable of performing jobs existing in significant numbers in the national economy. The ALJ determined that Brownawell was capable of doing so, despite the fact that Dr. Grem, Brownawell's treating physician for over three years, twice opined that a finding of disability was justified. *A.R.* at 229, 499. Dr. Picciotto found that Brownawell had no ability to perform skills necessary in the workplace. *Id.* at 187-89. The only expert opinion to the contrary was that of Dr. Rightmyer. As discussed *supra*, Dr. Rightmyer's assessment should be given minimal weight as it suffers from logical errors and is not based on a personal examination. Brownawell, like the claimants in *Podedworny* and *Morales*, has waited a remarkably long time for a final decision on her disability application, which was filed eight years ago. *See Podedworny*, 745 F.2d at 223 (directing an award of benefits five years after claimant filed for disability); *Morales*, 225 F.3d at 320 (directing an award of benefits ten years after claimant filed for disability). In *Morales*, as in the current case, the claimant "had two hearings before an ALJ followed by two petitions to the appeals council, two appeals to the district court, and the present appeal to the court of appeals. . . . [T]he record is unlikely to change." 225 F.3d at 320. Thus, as substantial evidence on a fully developed record indicates that Brownawell is disabled, this Court reverses the decision of the District Court and remands with the direction to enter an order directing the payment of

11

benefits.[4]

---

[4]We have considered all other arguments made by the parties on appeal, and we conclude that no further discussion is necessary.