OPINION
PER CURIAM.
T. Montgomery Foley appeals the District Court’s decision affirming the Commissioner’s denial of his request for benefits. We will affirm.
In February 2002, Foley filed an application for supplemental security income which the Social Security Agency denied. Foley alleged disability due to back and neck conditions, cervical disc disease, arthritic knees, neck pain, and headaches. After Foley’s applications were denied, he received a hearing before an Administrative Law Judge (“ALJ”). The ALJ denied benefits but the Appeals Council vacated the decision and remanded the case for further evaluation.
In May 2005, the ALJ held a second hearing at which Foley and a vocational expert testified. The ALJ issued a new decision in August 2005, finding that Foley was not disabled. Specifically, the ALJ found that while Foley suffered from severe impairments, his claims of total disability were not credible. At the final step of the five-step sequential evaluation, the ALJ determined that Foley retained the residual functional capacity (RFC) to perform a significant range of light work. See Ramirez v. Barnhart, 372 F.3d 546, 550-51 *807 (3d Cir.2004) (describing five-step process). Finally, the ALJ found that Foley was capable of performing a significant number of jobs which exist in the national and regional economy. The Appeals Counsel subsequently denied Foley’s request for review. Foley sought review of the ALJ’s decision in the District Court. The District Court, adopting the Magistrate Judge’s Report and Recommendation over Foley’s objections, affirmed the ALJ’s decision. Foley filed a timely notice of appeal from the District Court’s order.
The District Court had jurisdiction under 42 U.S.C. § 1383(c)(3) and 42 U.S.C. § 405(g). We have jurisdiction over Foley’s appeal under 28 U.S.C. § 1291. We exercise plenary review of the District Court’s legal conclusions. Allen v. Barnhart, 417 F.3d 396, 398 (3d Cir.2005). We review the factual findings in the ALJ’s decision for substantial evidence. Rutherford v. Barnhart, 399 F.3d 546, 552 (3d Cir.2005). Substantial evidence is “more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.” Reefer v. Barnhart, 326 F.3d 376, 379 (3d Cir.2003) (citations and internal quotation marks omitted).
We agree with the District Court and will adopt its reasoning. In his informal brief, Foley asserts that the ALJ ignored his medical records. Foley’s medical history is summarized in detail in the Magistrate Judge’s Report and Recommendation, the appellant’s brief, and the ALJ’s decision; therefore, we need not repeat it here. While Foley has been diagnosed with mild cervical degenerative disease, foaminal stenosis, and possible facet degeneration, several medical professionals have noted that Foley’s complaints of debilitating pain are inconsistent with the medical evidence. (A.R. at 244, 255-56, 284.) In addition, the ALJ weighed Foley’s complaints against evidence of his failure to take prescribed medication and his non-compliance with medical advice. (Id. at 20.) Finally, as discussed further below, the ALJ properly weighed evidence from numerous medical professionals regarding the severity of Foley’s medical condition. Thus, we reject Foley’s assertion that the ALJ failed to properly consider, discuss and weigh the relevant evidence pertaining to his disability allegations. See Fargnoli v. Massanari, 247 F.3d 34, 42 (3d Cir.2001).
Further, the ALJ acted within his discretion by disregarding Dr. John Sutton’s RFC assessment. (A.R. at 20.) A treating physician’s opinion may be afforded “more or less weight depending upon the extent to which supporting explanations are provided”. Brownawell v. Comm’r of Soc. Sec., 554 F.3d 352, 355 (3d Cir.2008) (citation and internal quotations omitted). Dr. Sutton’s opinion was not entitled to much weight inasmuch as his own assessment in June 2004 noted that the objective evidence did not support Foley’s claims of debilitating pain.[1] (A.R. at 256.) Moreover, the evaluation of an impartial consultant, Dr. Abu Aziz, supported the ALJ’s RFC assessment. See Morales v. Apfel, 225 F.3d 310, 317-18 (3d Cir.2000) (an ALJ may reject a treating physician outright on the basis of contradictory med *808 ical evidence.) Therefore, the ALJ’s finding that Foley could perform work requiring a light level of exertion is supported by substantial evidence.
Foley also contends that the ALJ did not properly consider his headaches in making the RFC determination. According to the magistrate judge, the ALJ erred in finding that Foley’s headaches were not severe under step two of the analysis. Specifically, the magistrate judge found that the headaches, in combination with his neck condition, had more than a minimal effect on his ability to work and, thus, constituted a severe impairment. See 20 C.F.R. §§ 416.920(e), 416.921(a). Nevertheless, the magistrate judge held that any error in this regard was harmless inasmuch as Foley’s headaches were connected with his cervical condition, the limitations of which the ALJ adequately addressed in calculating Foley’s RFC.[2] Foley, in his Objections to the Magistrate Judge’s Report and Recommendation, argued that the record was replete with multiple references to the extreme nature and scope of his headache disorder, which was not related to his cervical condition. The District Court found that even if Foley’s headaches constituted a separate disorder, that disorder did not constitute a severe impairment because it imposed no functional limitations on his ability to perform work related activities. Foley v. Astrue, 2008 WL 2996519 (W.D.Pa. July 31, 2008).
We agree with the District Comb. To the extent that Foley’s headaches stem from his degenerative cervical condition, the ALJ properly considered that evidence in assessing Foley’s RFC. As to an independent headache condition, at least one doctor has diagnosed Foley with a “headache disorder.” (A.R. at 284) Further, as the district court pointed out, the record indicates that Foley suffered from headaches as a child. (A.R. at 245) A diagnosis alone, however, does not demonstrate disability. See Petition of Sullivan, 904 F.2d 826, 845(3d Cir.1990). Rather, Foley was required to show that his headaches significantly limited his physical or mental ability to do basic work activities. See 20 C.F.R. §§ 404.1520(c), 404.1521(a). Dr. McLaughlin, a neurologist who examined Foley, noted that migraines, a cervical disorder, or possible bruxism were the cause of Foley’s headaches. (A.R. at 284) Aside from Foley’s own testimony (which the ALJ found not credible), the record contains no evidence of limitations resulting from his headache disorder that were not already considered in connection with his cervical condition. Thus, we agree with the ALJ that Foley failed to show that his headache disorder, independent of his cervical condition, was a medically severe impairment. See Bowen v. Yuckert, 482 U.S. 137, 146 n. 5, 107 S.Ct. 2287, 96 L.Ed.2d 119 (1987) (claimant bears the burden at step two of the sequential evaluation process to prove that he has a severe impairment).
For the reasons set forth above, we will affirm the judgment of the District Court.

. As the appellee points out, Dr. Sutton's RFC assessment was essentially consistent with the AU's RFC assessment. The ALJ found that Foley could lift and/or carry 20 pounds occasionally and 10 pounds frequently; sit, stand and/or walk for two hours at a time; and occasionally climb, balance, stoop or crouch. In comparison, Dr. Sutton placed no limitation on Foley sitting in an 8 hour workday and restricted him to lifting/carrying 20 pounds occasionally and 10 pounds frequently; standing/walking at least 2 hours in an 8 hour workday; limited pushing/pulling with extremities; occasionally balancing, kneeling, crouching or stooping; frequent crawling and never climbing.

. According to the repoi'ts of numerous examining doctors, Foley's headaches were closely related to his cervical pain. (A.R. at 84, 86, 254, 271, 292, 302). Indeed, Foley testified that his headaches began when he started feeling pain in his neck. (Id. at 385).