NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

No. 15-1257

_____

J.D., By his mother; FELISHA MARTINEZ

v.

COMMISSIONER SOCIAL SECURITY

Felisha Martinez, on behalf of J.D.,
Appellant

_____

Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. Civil Action No. 2-13-cv-01304)
District Judge: Honorable Edmund V. Ludwig

_____

Submitted Under Third Circuit LAR 34.1(a)
October 8, 2015

Before: McKEE, Chief Judge, AMBRO, and HARDIMAN, Circuit Judges

(Opinion filed October 28, 2015)

_____

OPINION[*]

_____

---

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

AMBRO, Circuit Judge

Appellant J.D. appeals his denial of disability insurance benefits. We will affirm the District Court's order affirming the ruling of the Administrative Law Judge ("ALJ").

## I. Background

On August 31, 2009, J.D.'s mother, Felisha Martinez, filed a claim on his behalf requesting disability insurance benefits for the period of August 2009 through March 2013. J.D. suffers from attention deficit hyperactivity disorder and oppositional defiant disorder. His application was denied and J.D. requested a hearing before an ALJ. After a hearing at which J.D. and his mother testified, the ALJ determined that J.D. did not suffer from an impairment or disability that would warrant disability benefits. The Appeals Council denied J.D.'s request for review.

J.D. appealed that decision to the District Court, and the appeal was referred to a United States Magistrate Judge. The Magistrate Judge recommended affirming the denial of benefits. The District Court adopted the recommendation, and this timely appeal follows.

## II. Standard of Review

We have jurisdiction pursuant to 28 U.S.C. § 1291. "The role of this Court is identical to that of the District Court, namely to determine whether there is substantial evidence to support the Commissioner's decision." *Plummer v. Apfel*, 186 F.3d 422, 427 (3d Cir. 1999). "Substantial evidence has been defined as 'more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate.'" *Id.* (quoting *Ventura v. Shalala,* 55 F.3d 900, 901 (3d Cir. 1995)).

2

### III. Discussion

First, J.D argues that the ALJ improperly discounted the opinion of J.D.'s psychologist, Dr. Mitchell, who found that J.D. had marked or extreme limitations of functioning in all domains except for health and physical well-being. The ALJ assigned little weight to this opinion because, among other things, there was no evidence that Dr. Mitchell treated or evaluated J.D. He argues that the ALJ overlooked evidence that Dr. Mitchell was his treating psychologist since at least May 2011.

We agree that there was evidence in the record before the ALJ that Dr. Mitchell was J.D.'s treating psychologist. But substantial evidence nonetheless supported the ALJ's decision to give Dr. Mitchell's opinion little weight. As the ALJ noted, Dr. Mitchell gave no narrative or explanation for his opinion, which was given in a checklist form. *See Plummer*, 186 F.3d at 429 (noting that an ALJ "may afford a treating physician's opinion more or less weight depending upon the extent to which supporting explanations are provided"); *Mason v. Shalala*, 994 F.2d 1058, 1065 (3d Cir. 1993) ("Form reports in which a physician's obligation is only to check a box or fill in a blank are weak evidence at best."). Moreover, the ALJ noted that Dr. Mitchell's opinion was inconsistent with treatment notes from his colleagues at Northwestern Human Services who were also treating J.D.

Second, J.D. argues that the ALJ improperly discounted the opinion of Ms. O'Rourke, J.D.'s second grade special education teacher. She indicated that J.D. was performing at lower than a second grade level and had problems functioning within various domains. The ALJ noted that Ms. O'Rourke's statements were "provided from

3

the perspective of functioning in a regular classroom and [she] does not provide information regarding how well or not well [J.D.] does in the special education environment." App. 48. J.D. argues that the ALJ discounted the opinion of Ms. O'Rourke because she focused on the regular classroom environment even though the ALJ must consider J.D.'s functioning as compared to children who do not have impairments. *See* 20 C.F.R. § 416.924a(a)(2)(iii).

The ALJ gave the opinion limited weight because Ms. O'Rourke, a special education teacher, opined as to J.D.'s functioning outside of her special education classroom. The ALJ also noted that her opinion was inconsistent with other school records. For example, Ms. O'Rourke stated that J.D. had serious problems focusing and completing assignments when other school records showed that J.D. was satisfactory in using time wisely. Ms. O'Rourke's lack of first-hand observations, and the apparent conflict between her opinion and other evidence, were proper bases to accord her opinion little weight. 20 C.F.R. §§ 416.913(d)–(e), 416.924a(b)(7)(ii).

Third, J.D. argues that the ALJ failed to consider pertinent evidence when assessing J.D.'s capabilities in the domain of "Interacting and Relating with Others." *See Cotter v. Harris*, 642 F.2d 700, 705 (3d Cir. 1981) (noting that ALJ must explain rejection of probative evidence). J.D. asserts that the ALJ did not consider his Individualized Educational Program ("IEP") report. Although the ALJ did not discuss the IEP when analyzing J.D.'s capabilities in the domain of "Interacting and Relating with Others," the ALJ did summarize and discuss the IEP earlier in her decision and that consideration of the evidence was sufficient. J.D. also argues that the ALJ failed to

4

consider or mention his Oral and Written Language Scales ("OWLS"). The OWLS were included in the IEP, however, and, as we have discussed, the ALJ adequately considered the IEP evidence.

Fourth, J.D. argues that he functionally equals the childhood disability listings and that we should direct the District Court to award benefits. We decline to do so in this instance. *Brownawell v. Comm'r of Soc. Sec.*, 554 F.3d 352, 357–58 (3d Cir. 2008) ("The decision to direct the district court to award benefits should be made only when the administrative record of the case has been fully developed and when substantial evidence on the record as a whole indicates that the claimant is disabled and entitled to benefits." (quoting *Podedworny v. Harris*, 745 F.2d 210, 221–22 (3d Cir. 1984))). As we have discussed, the ALJ's decision to decline to award benefits was supported by substantial evidence and J.D. has not identified any errors that might call for a re-do.

*　　*　　*　　*　　*

For the reasons set forth above, we will affirm the order of the District Court.[1]

---

[1] Appellant's unopposed motions for leave to file volume II of the joint appendix under seal and to file a supplemental appendix are granted.