**NOT PRECEDENTIAL**

# UNITED STATES COURT OF APPEALS
# FOR THE THIRD CIRCUIT

No. 16-1851

TERRY ALLEN HEVNER,
                                        Appellant

v.

COMMISSIONER SOCIAL SECURITY

On Appeal from the United States District Court
for the Western District of Pennsylvania
(District Case No. 2-15-cv-00545)
District Judge:  Honorable Donetta W. Ambrose

Submitted under Third Circuit LAR 34.1(a)
on November 9, 2016

Before:  JORDAN, GREENAWAY, JR., and RENDELL, <u>Circuit Judges</u>

(Opinion filed:  January 13, 2017)

**RENDELL**, Circuit Judge:

Terry A. Hevner appeals his denial of disability insurance benefits and supplemental security income. He claims that the Administrative Law Judge ("ALJ") failed to give appropriate weight to the opinions of one of his treating physicians, Dr. Lewis, and one of his consultative examiners, Dr. Hahn, thus leaving the Residual Functional Capacity and Step 5 determinations without substantial evidence. We will affirm the District Court's order affirming the ALJ.

## I. Background

Hevner suffers from chronic obstructive pulmonary disease ("COPD"), depression, and anxiety. He filed an application for disability benefits and supplemental security income on July 6, 2011, and was denied benefits on May 17, 2012. Hevner then requested a hearing before an ALJ.[1]

At the hearing, the ALJ heard Hevner's testimony. The ALJ also reviewed the medical records detailing Hevner's physical and mental impairments. These included treatment notes from Physician Assistant Tardivo, who treated Hevner on multiple occasions for his COPD, high blood pressure, and depression and from Drs. Simardeep

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

[1] At the hearing, Hevner amended the alleged onset of his disability from January 1, 2011 to September 1, 2012. A.243. The record contains medical evidence from before and after the amended onset date.

Mann, Stephen Neal, and Lisa Lewis, who focused on treating Hevner's depression and anxiety. Dr. Lewis assessed Hevner's depression to be more severe than did Drs. Mann and Neal. The ALJ also considered reports from three consultative examiners: Drs. Russell Biundo, Thomas Andrews, and Richard Hahn. In addition to these written reports, Drs. Biundo and Hahn filled out forms (titled "Medical Source Statement of Claimant's Ability to Perform Work-Related Physical Activities"), although these forms provided conflicting conclusions as to the severity of Hevner's physical limitations due to his COPD. *See* A.366-67; 482-83.[2]

Based on this evidence, the ALJ discounted Dr. Lewis and Dr. Hahn's opinions and concluded that Hevner had the residual functional capacity to perform light exertional work subject to some limitations. The ALJ also heard evidence from a vocational expert and concluded that, given Hevner's credited limitations, he was "capable of making a successful adjustment to other work that exists in significant numbers in the national economy." A.77. Accordingly, the ALJ denied his application for benefits.

After the Appeals Council denied Hevner's request for review, Hevner brought suit in the District Court for the Western District of Pennsylvania. The District Court affirmed the decision of the ALJ. Hevner then timely appealed.

---

[2] Citations to the record refer to the "Appellant's Appendix," filed on July 7, 2016.

3

## II. Analysis[3]

An ALJ in a disability benefits case has an "obligation to weigh the medical evidence and make choices between conflicting medical evidence." *Williams v. Sullivan*, 970 F.2d 1178, 1187 (3d Cir. 1992). ALJs should "accord treating physicians' reports great weight, especially 'when their opinions reflect expert judgment based on a continuing observation of the patient's condition over a prolonged period of time.'" *Morales v. Apfel*, 225 F.3d 310, 317 (3d Cir. 2000) (quoting *Plummer v. Apfel*, 186 F.3d 422, 429 (3d Cir. 1999)). But, while the ALJ may not reject a treating physician's opinion outright absent contradictory medical evidence in the record, "such an opinion may be afforded 'more or less weight depending upon the extent to which supporting explanations are provided.'" *Brownawell v. Comm'r of Soc. Sec.,* 554 F.3d 352, 355 (3d Cir. 2008) (quoting *Plummer*, 186 F.3d at 429).

We review the ALJ's determination for substantial evidence, 42 U.S.C. § 405(g), which requires that there be "such relevant evidence as a reasonable mind might accept to support a conclusion." *Chandler v. Comm'r of Soc. Sec.*, 667 F.3d 356, 359 (3d Cir. 2011) (internal quotation marks omitted). In reviewing for substantial evidence, however, we may not reweigh the evidence or substitute our own conclusions for those of the ALJ. *Id.*

---

[3] The District Court had jurisdiction under 42 U.S.C. § 405(g), and we have jurisdiction under 28 U.S.C. § 1291.

## A. Dr. Lewis

Hevner first argues that the ALJ erred because he failed to give appropriate weight to the findings of Dr. Lewis, one of Hevner's treating physicians. We disagree. Dr. Lewis indicated that Hevner had "marked" or "extreme" functional limitations by checking boxes on a form titled "Mental Capacity Assessment." A.626-27. She did not provide a narrative supporting her conclusions nor do any of her treatment notes appear in the record. The ALJ nevertheless considered this opinion but accorded it "little weight" because "the severity of the limitations provided by Dr. Lewis [were] very inconsistent with the mild to moderate findings in the treatment notes" of Drs. Neal and Mann, both of whom treated Hevner at the same facility as Dr. Lewis. A.73. Specifically, on December 5, 2012, Dr. Neal opined that Hevner's major depressive disorder was "mild," and that Hevner was "benefiting from the medication(s) without side effects." A.557-58. On February 26, 2013, Hevner reported to Dr. Neal that he was "much less depressed and anxious, but [was] irritable." A.553-54. On July 16, 2013, just over a month after Dr. Lewis's assessment, Dr. Neal again concluded that the overall "severity of the problem is moderate," the major depressive disorder remained "mild," and that the "symptoms are relieved by counseling and medication." A.633, 637.[4]

---

[4] The ALJ noted that this conclusion was also consistent with consultative examiner Andrews' opinion, to which the ALJ also gave "significant weight." A.73. Hevner argues that the ALJ impermissibly considered this report because it was rendered approximately a year before Hevner's amended onset date. We note, however, that "the ALJ is entitled to weigh all evidence in making its finding." *Brown v. Astrue*, 649 F.3d 193, 196 (3d Cir. 2011). And here, the ALJ considered not only Dr. Andrews' opinion but also that of Dr. Neal, who treated Hevner well after even his amended onset date. *See, e.g.*, A.633-40 (documenting Hevner's visit on July 16, 2013).

Moreover, as we have said before, "check box" forms that require little or no explanation, such as the mental capacity assessment filled out by Dr. Lewis, are "weak evidence at best" in the disability context, and they are particularly so here when compared to the more detailed accounts given by Dr. Neal. *Mason v. Shalala*, 994 F.2d 1058, 1065 (3d Cir. 1993). Accordingly, the ALJ was entitled to discount Dr. Lewis's opinion.

### B. Dr. Hahn

Hevner next argues that the ALJ erred by relying on the opinions of Dr. Biundo and P.A. Tardivo over the findings of Dr. Hahn, a consultative examiner who opined that Hevner should be limited to activities that require him to stand no more than one hour per day. *See* A.482. The ALJ gave "little weight" to Dr. Hahn's opinion because it was "based on [Hevner's] subjective complaints alone." A.72. The ALJ instead accorded "significant weight" to Dr. Biundo, also a consultative examiner, who found "no evidence of bronchitic symptoms" and whose opinion, in the ALJ's assessment, was "consistent with the objective medical evidence of record, specifically the pulmonary function testing." A.72. The ALJ also gave "significant weight" to P.A. Tardivo's assessments. A.72.

We see no reason to disturb the ALJ's weighing of these opinions. The ALJ "may choose whom to credit" when considering conflicting evidence so long as he does not "reject evidence for no reason or for the wrong reason." *Plummer*, 186 F.3d at 429 (quoting *Mason*, 994 F.2d at 1066). Here, the ALJ appropriately relied on Dr. Biundo. *See* 20 C.F.R. § 416.927(e). The ALJ also identified why Dr. Hahn's testimony should be

6

discounted. As the ALJ recognized, Dr. Hahn's assessment of Hevner's limitations appeared to be largely based on Hevner's self-reported medical history. Dr. Hahn's conclusions were also questionable in light of his own clinical findings, wherein, for example, he found that Hevner had clear lungs, full muscle strength, normal gait and station, and intact fine and dexterous movements. A.480. The ALJ also cited to pulmonary function tests, objective medical evidence which revealed moderate restriction, A.521-22, and "[did] not indicate [that Hevner] had a disabling breathing impairment," A.71. And finally, the ALJ relied on P.A. Tardivo's treatment notes and assessments—which document at least eleven visits to Clay – Battelle Community Health Center. Tardivo noted, for example, that Hevner's COPD symptoms were "mild" and "improving" on medication, A.506, and that he had "quiet, even and easy respiratory effort," A.504, 519.[5] For these reasons, we find that the ALJ appropriately discounted Dr. Hahn's opinion.

We note also that, even though Dr. Hahn was not given controlling weight, the ALJ did not reject Hevner's complaints about how COPD affected his ability to work. In fact, the ALJ "considered [Hevner's] subjective complaints . . . and accommodated for

---

[5] We reject Hevner's argument that P.A. Tardivo is not an acceptable medical source under the guidelines. Although Tardivo is a physician's assistant and not a medical doctor, her opinion and treatment notes may "provide insight into the severity of the impairment[] and how it affects the individual's ability to function," and thus are still entitled to some weight as an "other source" under 20 C.F.R. § 404.1513(d)(1). SSR 06–03p, 2006 WL 2329939, at *2 (Aug. 9, 2006). Here, the ALJ relied on appropriate criteria in crediting her opinion. Although Tardivo herself admitted in a 2011 medical source statement that she lacked an adequate basis to opine on Hevner's physical limitations, the ALJ also relied on "Ms. Tardivo's treatment history" with Hevner, which was documented by extensive treatment notes, including notes from assessments after the amended onset date. A.72.

them in the above [RFC]." A.72. Because the ALJ incorporated these limitations into the RFC analysis, we see no error in the hypothetical question posed to the vocational expert. *See Rutherford v. Barnhart*, 399 F.3d 546, 554 (3d Cir. 2005) (upholding hypothetical question to vocational expert where question adequately reflected the "credibly established limitations" in the record). Accordingly, because we find that substantial evidence supported the ALJ's denial of benefits, we will affirm the District Court's order.