**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 18-2141**

TIMOTHY CURTIS STOKER,

              Plaintiff - Appellant,

      v.

ANDREW SAUL, Commissioner of Social Security,

              Defendant - Appellee.

Appeal from the United States District Court for the Western District of North Carolina, at Statesville. Dennis L. Howell, Magistrate Judge. (5:17-cv-00111-DLH)

Submitted: September 30, 2020              Decided: November 3, 2020

Before GREGORY, Chief Judge, WILKINSON, and DIAZ, Circuit Judges.

Vacated and remanded by unpublished per curiam opinion.

Daniel S. Jones, LAW OFFICES OF HARRY J. BINDER & CHARLES E. BINDER, P.C., New York, New York, for Appellant. R. Andrew Murray, United States Attorney, Charlotte, North Carolina, Gill P. Beck, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Asheville, North Carolina; Kathleen C. Buckner, Special Assistant United States Attorney, Office of the General Counsel, SOCIAL SECURITY ADMINISTRATION, Baltimore, Maryland, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Timothy Stoker appeals the magistrate judge's order* upholding the administrative law judge's (ALJ) denial of his claim for a period of disability and disability insurance benefits. On appeal, Stoker challenges the ALJ's determination that Stoker had the residual functional capacity to perform light exertional work with several limitations. Stoker has diabetes and has suffered associated complications, including neuropathy in his lower extremities, and ulcers leading to two surgeries that left him with a partially amputated right foot. He argues that the ALJ erred in assessing the credibility of his assertions about his symptoms and pain and that the ALJ erred in weighing the medical opinions of his treating physician, Dr. John McMenemy, and two non-examining state agency medical consultants, Drs. Hari Kuncha and Frank Virgili. We agree and vacate and remand.

We must uphold the ALJ's decision if he applied the law correctly and supported his findings with substantial evidence. *See Woods v. Berryhill*, 888 F.3d 686, 691 (4th Cir. 2018). Substantial evidence is no more than what a reasonable person might accept as adequate to support the ALJ's conclusion; it must be more than a scintilla of evidence, but it need not be a preponderance of the evidence. *See Biestek v. Berryhill*, 139 S. Ct. 1148, 1154 (2019); *Pearson v. Colvin*, 810 F.3d. 204, 207 (4th Cir. 2015). We may not reweigh conflicting evidence, make credibility determinations, or substitute our judgment for that of the ALJ. *See Hancock v. Astrue*, 667 F.3d 470, 472 (4th Cir. 2012).

---

* The parties consented to the jurisdiction of the magistrate judge, pursuant to 28 U.S.C. § 636(c)).

2

We begin with the ALJ's determination that Stoker's assertions about the intensity, persistence, and limiting effects of his symptoms were not entirely credible. The regulations prescribe "a two-step analysis when considering a claimant's subjective statements about impairments and symptoms." *Lewis v. Berryhill*, 858 F.3d 858, 866 (2017); *see* 20 C.F.R. § 404.1529(b)-(c). The ALJ first "looks for objective medical evidence showing a condition that could reasonably produce the alleged symptoms." *Lewis*, 858 F.3d at 866. If the claimant has such a condition or impairment, then the ALJ must "evaluate the intensity, persistence, and limiting effects of the claimant's symptoms to determine the extent to which they limit the claimant's ability to perform basic work activities." *Id.* The second step "requires the ALJ to assess the credibility of the claimant's statements about symptoms and their functional effects." *Id.* But the ALJ may not reject a claimant's statements about the intensity or persistence of his pain or its effect on his ability to work solely because the medical evidence does not substantiate the claimant's statements. *Id.*; *see* 20 C.F.R. § 404.1529(c)(2) (2019). Instead, if the objective medical evidence does not support the claimant's statements, the ALJ "must make a finding on the credibility of the individual's statements based on a consideration of the entire case record." Social Security Ruling (SSR) 96-7p, 1996 WL 374186, at *2 (July 2, 1996). Doing so requires the ALJ to "build an accurate and logical bridge from the evidence to his conclusion." *Brown v. Comm'r Soc. Sec. Admin.*, 873 F.3d 251, 269 (4th Cir. 2017) (quoting *Clifford v. Apfel*, 227 F.3d 863, 872 (7th Cir. 2000)).

As an initial matter, the ALJ's determination that Stoker's assertions about the severity and limiting effects of his pain were less credible merely because no objective

3

medical evidence supported them, was improper. *See* 20 C.F.R. § 404.1529(c)(2); *Lewis*, 858 F.3d at 866 (requiring objective medical evidence to support claimant's evidence of pain intensity improperly increased claimant's burden of proof). Moreover, the ALJ erroneously based his finding that Stoker's assertions about the disabling pain of his neuropathy were not credible largely on Stoker's ability to perform daily activities and on a single sentence in Dr. McMenemy's notes from a July 2013 appointment. The ALJ failed to explain how Stoker's intermittent exercise (including limited walking), and his ability to perform modest housework (such as cleaning, laundry, and mowing the lawn, each for about two hours, once a week) and enjoy physically undemanding hobbies (reading, watching television, and—two or three times a month—fishing) undermined Stoker's assertions. *See Brown*, 873 F.3d at 269-70 (ALJ who noted claimant's various activities erred by not acknowledging limited extent of activities and exercise, or explaining how they showed claimant could sustain full-time job).

Furthermore, an ALJ may not "cherrypick" facts to support a finding that a claimant is not disabled while ignoring evidence that points to a claimant's disability, *see Lewis*, 858 F.3d at 869 (quoting *Denton v. Astrue*, 596 F.3d 419, 425 (7th Cir. 2010)). However, that appears to be what the ALJ did by citing Dr. McMenemy's note that Stoker reported in July 2013 that his neuropathy "[d]oes not bother him"—a single, unexplained sentence at odds with Stoker's hearing testimony as well as opinions provided after July 2013 by Dr. McMenemy and the state agency consultants that Stoker's neuropathy was a severe impairment affecting his residual functional capacity.

4

Next, we consider the ALJ's weighing of the medical opinions of Dr. McMenemy and the state agency consultants, Drs. Kuncha and Virgili. We agree with Stoker that the ALJ failed to cite any evidence that contradicted Dr. McMenemy's opinion regarding Stoker's residual function capacity and thus failed to adequately explain his decision to discredit that opinion. *See Woods*, 888 F.3d at 694. The limited reasoning that the ALJ did provide does not support his decision. To begin with, the ALJ seemingly misconstrued Dr. McMenemy's opinion in two ways. First, the ALJ found the opinion unsupported because "the overall record clearly demonstrates that the majority of [Stoker's] doctor's visits were routine scheduled visits that took place every few months," but that was too narrow a reading of Dr. McMenemy's opinion that Stoker's "impairments or treatment"— not just doctor's appointments—would cause him to be absent from work two or three times a month. Second, contrary to the ALJ's conclusion, Dr. McMenemy did not state that Stoker was limited during a workday to "a total of two hours of sitting, walking, or standing," Although Dr. McMenemy provided several restrictions and limitations in his opinion, he plainly stated his view that, in an eight-hour day, Stoker could work for two hours in a seated position and for two hours while standing or walking.

Furthermore, it was improper for the ALJ to discount Dr. McMenemy's opinion that Stoker needed to elevate his legs while sitting merely because Dr. McMenemy's treatment notes contained no such instruction. The absence of a physician's instruction or work restriction from treatment notes does not necessarily impact the credibility of the physician's opinion that the instruction or restriction would affect the claimant's ability to work. *See Brownawell v. Comm'r of Soc. Sec.*, 554 F.3d 352, 356 (3d Cir. 2008); *Leckenby*

5

*v. Astrue*, 487 F.3d 626, 633 & n.7 (8th Cir. 2007); *Orn v. Astrue*, 495 F.3d 625, 634 (9th Cir. 2007). Moreover, Dr. McMenemy's opinion was consistent with Stoker's testimony that he tries to keep his feet elevated to prevent painful swelling in his legs and to promote healing when he has ulcers on his foot. *See* 20 C.F.R. § 404.1527(c)(4); *Brown*, 873 F.3d at 269 ("Of course, the ALJ is supposed to consider whether a medical opinion is consistent, or inconsistent, with other evidence in the record in deciding what weight to accord the opinion.").

As for the opinions of Drs. Kuncha and Virgili, the ALJ assigned them significant weight, but failed to explain why they deserved significant weight, or what aspects of their opinions he agreed with. Stoker points out that Drs. Kuncha and Virgili both thought Stoker could sit for six hours in an eight-hour workday and stand or walk for two hours, yet the ALJ determined that Stoker would have to alternate twice an hour between sitting and standing, a finding inconsistent with the medical opinions of Drs. Kuncha and Virgili. *See Woods*, 888 F.3d at 694; *Monroe v. Colvin*, 826 F.3d 176, 191 (4th Cir. 2016).

In light of the inconsistencies and gaps in the ALJ's findings, we vacate the magistrate judge's order and remand with instructions to remand the case to the Social Security Administration for further proceedings. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*VACATED AND REMANDED*