**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

No. 19-3473
_____

RITA M. TEDESCO,
                              Appellant

v.

COMMISSIONER SOCIAL SECURITY
_____

On Appeal from the United States District Court
for the District of New Jersey
(D.C. No. 3-18-cv-10998)
District Judge:  Hon. Michael A. Shipp
_____

Submitted Pursuant to Third Circuit L.A.R. 34.1(a)
May 29, 2020
_____

Before:  AMBRO, HARDIMAN, and RESTREPO, *Circuit Judges.*

(Filed: November 18, 2020)
_____

**OPINION**[*]
_____

---

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

RESTREPO, *Circuit Judge*

Rita Tedesco appeals the District Court's Order that affirmed the final decision of the Commissioner of Social Security ("Commissioner") denying Tedesco's applications for supplemental security income ("SSI") and disability insurance benefits ("DIB") under the Social Security Act ("Act"). She argues that the Social Security Administration ("SSA") erroneously found that Tedesco was capable of performing jobs existing in significant numbers in the national economy and improperly evaluated medical opinions in the record. We affirm.

## I.

Tedesco worked primarily in banking as a teller and assistant manager for almost three decades before briefly working as a dental assistant beginning in 2015. After leaving the dental assistant position, she filed claims for DIB and SSI in July of 2016.

She claimed disability stemming from impairments including spine and joint disorders, hypertension, and diabetes. Tedesco solicited medical opinions from her treating physicians. A state agency physician also conducted a residual functional capacity ("RFC") assessment to determine what Tedesco could do despite the limitations caused by her impairments and found that she could perform a range of sedentary work.

After her claims were denied initially and upon reconsideration, Tedesco requested a hearing before an Administrative Law Judge ("ALJ"). After the hearing, in denying Tedesco's applications, the ALJ found that although she could not perform her past relevant work as a bank teller, Tedesco could still perform a range of full-time sedentary

work.  At the hearing, a vocational expert ("VE") testified that, considering an individual of Tedesco's age, with her education, past relevant work experience, and RFC (as ultimately assessed by the ALJ), three semi-skilled, sedentary jobs existed in significant numbers which that individual could perform.  In particular, the VE's testimony indicated that the skills acquired from Tedesco's prior work as a teller were transferrable to the semi-skilled jobs identified by the VE with little to no vocational adjustment.

The Appeals Council denied Tedesco's request for review of the ALJ's decision, making the ALJ's decision the final decision of the Commissioner.  Tedesco appealed to the District Court claiming that the ALJ erred in finding that other jobs existed which Tedesco could perform and in weighing the medical experts' opinions.  The Court disagreed and affirmed the SSA's decision.  Tedesco now appeals the decision of the District Court.[1]

## II.

We review an ALJ's decision under the same standard of review as the District Court to determine whether there was substantial evidence in the record to support the ALJ's decision.  *See Plummer v. Apfel*, 186 F.3d 422, 427 (3d Cir. 1999).  "Substantial evidence is less than a preponderance but more than a mere scintilla; it is 'such relevant evidence as a reasonable mind might accept as adequate.'"  *Boone v. Barnhart*, 353 F.3d 203, 205 (3d Cir. 2003) (citing *Burns v. Barnhart*, 312 F.3d 113,118 (3d Cir. 2002)).

---

[1] The District Court had jurisdiction under 42 U.S.C. § 405(g).  We have appellate jurisdiction under 28 U.S.C. § 1291.

"[W]e are not permitted to weigh the evidence or substitute our own conclusions for that of the fact-finder." *Burns*, 312 F.3d at 118.

## III.

At the fifth step of the 5-step sequential evaluation, the SSA considers whether a claimant, despite her limitations, can perform jobs existing in significant numbers in the national economy.[2] 20 C.F.R. §§ 404.1520(a)(4)(v), 404.1560(c)(2), 416.920(a)(4)(v), 416.960(c)(2). Tedesco argues on appeal that the ALJ's finding at this fifth step is not supported by substantial evidence. In particular, she argues that for claimants who are age 55 or older with an RFC for sedentary or light exertion work, "a mere showing of transferability of skills is insufficient to deny benefits at step 5." Appellant's Br. 13 (emph. omitted).

Under the fifth step of the Commissioner's sequential evaluation, an individual of "advanced age" under the regulations (age 55 or older), who has a severe impairment that limits her to no more than sedentary work, is considered to have skills that are transferrable to skilled or semi-skilled sedentary work if the skills acquired from her previous work are such that there is "very little, if any, vocational adjustment [needed] in terms of tools, work processes, work settings, or the industry." 20 C.F.R. §§ 404.1568(d)(4), 416.968(d)(4). In making this determination, the ALJ may, of course, rely on testimony from a VE. 20 C.F.R. §§ 404.1566(e), 416.966(e).

---

[2] The SSA has established a 5-step sequential evaluation process for determining whether an individual is disabled. *See Smith v. Comm'r of Soc. Sec.*, 631 F.3d 632, 634 (3d Cir. 2010).

Here, the ALJ pointed to the VE's testimony in support of the determination that Tedesco was not disabled under the Act. The ALJ made an RFC assessment, concluding that Tedesco's impairments limited her to a range of sedentary work. At the hearing, the VE testified that an individual with prior work experience as a teller, such as Tedesco, acquired from her work experience customer service skills and the ability to engage with customers, as well as the skills to make basic financial transactions and keep records. The VE further testified that such an individual would require little to no vocational adjustment to be able to perform the sedentary, semi-skilled jobs of referral/information clerk, information clerk/greeter, and clerical sorter. Thus, as the ALJ pointed out, the VE's testimony indicated that Tedesco's previous work was similar enough to the aforementioned jobs that she would need to make very little, if any, vocational adjustment in terms of tools, work processes, work settings, or the industry. Based on the VE's testimony, there was substantial evidence in the record to support the ALJ's fifth-step finding that Tedesco was not disabled under the Act.

Tedesco also claims the ALJ improperly evaluated the medical opinions in the record. She argues the ALJ's conclusion that Tedesco is capable of engaging in a range of full-time sedentary work is contradicted by the opinions of her physicians. However, the ALJ properly considered those opinions and explained why they were given partial weight in support of the non-disability and RFC determinations.

"The ALJ—not treating or examining physicians or State agency consultants— must make the ultimate disability and RFC determinations." *Chandler v. Comm'r of Soc. Sec.*, 667 F.3d 356, 361 (3d Cir. 2011). Thus, an ALJ "will not give any special

significance to the source of an opinion on issues reserved to the Commissioner," such as RFC. 20 C.F.R. §§ 404.1527(d)(3), 416.927(d)(3). As to issues such as severity of symptoms, a "treating source's opinion is entitled to controlling weight only when it is 'well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with the other substantial evidence in [the claimant's] case record.'" *Johnson v. Comm'r of Soc. Sec.*, 529 F.3d 198, 202 (3d Cir. 2008) (quoting *Fargnoli v. Massanari*, 247 F.3d 34, 43 (3d Cir. 2001)).

An ALJ "must give some indication of the evidence which he rejects and his reason(s) for discounting such evidence." *Burnett v. Comm'r of Soc. Sec. Admin.*, 220 F.3d 112, 121 (3d Cir. 2000). A treating physician's "opinion may be afforded 'more or less weight depending upon the extent to which supporting explanations are provided.'" *Brownawell v. Comm'r of Soc. Sec.*, 554 F.3d 352, 355 (3d Cir. 2008) (quoting *Plummer,* 186 F.3d at 429).

Here, the ALJ considered the opinions of Tedesco's physicians and afforded them partial weight based on evidence in the record. Giving partial weight to the opinion of Bruce Langer, M.D., the ALJ pointed to the lack of support by the medical evidence in the record for the restrictive limitation assessed by Dr. Langer regarding Tedesco's ability to lift objects, the relatively short time-period Dr. Langer had been treating Tedesco as his gastroenterologist at the time of the assessment, and the lack of support cited by the doctor in making such a restrictive functional assessment. *See* 20 C.F.R. §§ 404.1527(c)(3), 416.927(c)(3) ("The more a medical source presents relevant evidence to support an opinion, particularly medical signs and laboratory findings, . . . [and] [t]he

6

better an explanation a source provides for a medical opinion, the more weight we will give that medical opinion.").  Similarly, the ALJ afforded partial weight to the opinion of Keiron Greaves, M.D. as overly broad and restrictive without any support in the medical record.  The record supports the ALJ's conclusion as, among other things, the doctor's opinions conflict with his own treatment notes reflecting Tedesco's improving condition.  *See Plummer,* 186 F.3d at 430 (ALJ may discount a treating physician's opinion on the basis of contradictory medical evidence).  Likewise, citing to the record, the ALJ gave the opinion of Dan Thuy Tran, M.D. only partial weight, pointing out that the doctor's recommended conservative course of treatment of ibuprofen did "not support absences [from work] of twice per month."  App. 25.

Since the opinions of Tedesco's physicians were properly afforded partial weight, none of them compelled a finding that Tedesco was disabled or could not engage in full-time sedentary work.  The ALJ did not ignore the evidence from Tedesco's physicians – the appellant simply disagrees with the relative weights given.  To the contrary, the ALJ adequately evaluated the opinions from Tedesco's treating physicians and put forth sound reasons supported by substantial evidence.

For these reasons, we affirm the District Court's decision.